PEOPLE *v.* FLOSS.

(*Superior Court of Buffalo, General Term.* November 19, 1889.)

PRIZE-FIGHTING.

A conviction under Pen. Code N. Y. § 458, for encouraging a prize-fight, is unwarranted when the contest was intended only as an advertisement for one of the participants, to secure notoriety, and thus a better salary as an exhibition boxer, and no prize was to be gained by the successful person.

Appeal from trial term.

John Floss and others were indicted under Pen. Code N. Y. § 458, which prohibits any person from engaging in, instigating, or furthering a contention or fight between two or more persons, or a fight commonly known as a ring or prize fight. Defendant was charged with instigating and encouraging a fight between two women, Libbie Spann, *alias* Hattie Leslie, and Barbara Dillon, *alias* Alice Leary, and the affair, though arranged in New York, occurred in Canada. It appeared on the trial that the woman Spann was a professional boxer, giving exhibitions on the stage, and that the contest was intended as an advertisement for her. Soft gloves were used, no injury was effected or intended, and no prize or reward was offered. Defendant was

not present at the fight, though he had been when some of the details were arranged. He was convicted, and appeals.

Argued before BECKWITH, C. J., and TITUS, J.

*Tracey C. Becker*, for appellant. *George T. Quimby*, for the People.

PER CURIAM. We think, in this case, that the undisputed facts do not authorize the conviction of the defendant for the offense charged in the indictment. It is evident that no prize-fight was intended by the parties to it; that it was a scheme intended to advertise one of the principals, that she might demand a better salary in her profession. We are also of the opinion that the defendant is not connected with the offense with such certainty as is required in criminal actions, to effect a conviction. The judgment should be reversed.